George O. GRAVES, d/b/a Michiana Mills, Plaintiff,

v.

DORSEY–McCOMB DISTRIBUTORS, INC., Kenneth H. Mc-Comb, Defendants.

Civ. No. 8804.

United States District Court
D. Colorado.

Oct. 21, 1966.

Horace B. Van Valkenburgh and Frank C. Lowe, Denver, Colo. (M. A. Hobbs, South Bend, Ind., of counsel), for plaintiff.

Haskell, Crandell, Flynn & Cochran, Ralph F. Crandell, Denver, Colo., for defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW.

KERR, District Judge.

This matter having come on for trial before the Court, the plaintiff appearing in person and by his counsel, Horace B. Van Valkenburgh of the firm of Van Valkenburgh & Lowe and Marmaduke A. Hobbs, and the defendant corporation appearing by and through its President, Kenneth H. McComb, and the defendant Kenneth H. McComb appearing in person and by and through their counsel, Ralph F. Crandell of the firm of Haskell, Crandell & Cochran, and the Court having heard the evidence and arguments of counsel, took said matter under advisement. And the Court, having examined the record and file herein, and having examined the briefs submitted by counsel, and being fully advised in the prem-

ises, makes the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT.

1. The plaintiff, George O. Graves, resides at South Bend, Indiana, and is a citizen of the United States, and is doing business in South Bend under the name of Michiana Mills. The defendant Dorsey-McComb Distributors, Inc., is a corporation organized and existing under the laws of the State of Colorado with its principal place of business in Englewood, Colorado. The defendant Kenneth H. McComb resides in Denver, Colorado, and is a citizen of the United States. The defendant company, Dorsey-McComb Distributors, Inc., was formed in 1962, and the defendant Kenneth H. McComb has been president of the defendant company since its formation.

2. On September 23, 1958, Letters Patent No. 2,853,027 were duly issued to George O. Graves on an application filed December 14, 1955, for an invention on "Food Processing Machine". George O. Graves is the owner of said patent and has been the owner of said patent since it issued on September 23, 1958. The subject matter of said patent is a single piece double extrusion stage face plate for an extruder machine of the type for producing puffed collets from cereal meal.

3. On December 11, 1962, Letters Patent No. 3,067,671 were duly issued to George O. Graves on an application filed January 30, 1959, for an invention on "Food Processing Machine". George O. Graves is the owner of said patent and has been the owner of said patent since it issued on December 11, 1962. The subject matter of said patent is a cut-off knife for cutting extrusions from an extruder face plate into sections.

4. This is a suit under the patent laws of the United States for infringement of U. S. Letters Patent Nos. 2,853,027 and 3,067,671.

5. The extruder machine on which the face plate of Patent No. 2,853,027, or the knife of Patent No. 3,067,671, is an old and well known mechanism consisting of a housing with a bore therein, a rotatable member within the bore having a helical ridge on its periphery, an extrusion face plate assembly fastened across the open end of the bore, the face plate assembly having an outer series of extrusion holes arranged in a circle about a solid center, and a knife intermittently passing the outlet ends of the extrusion holes for cutting the extruded material into sections.

6. The plaintiff, George O. Graves, pioneered several machines for producing an extruded and puffed product from corn meal, known in the trade as "collets" or "corn curls". His first machine for producing collets was invented by the said George O. Graves and D. Rosebrook. This machine, referred to as the G & R, or Jack's machine, utilized a housing with a bore, a screw in the bore, and a combination of two or more head plates secured to the housing at one end of the bore and containing a series of holes which performed a multiple-stage operation on the meal material as it passed from one plate to the other. This machine had the fault of "freezing" and backing up of the material in the head plate and screw, which resulted in loss of efficiency and much down time of the machine. The prior art extruder machines are shown in Patent No. 2,705,927, entitled "Apparatus for Reducing and Comminuting Cereal Grain", issued April 12, 1958, to George O. Graves and Darwin F. Rosebrook, on an application filed December 30, 1949. This patent was cited and considered by the U. S. Patent Office in granting Patent No. 2,853,027.

7. Machines of the construction shown in Patent No. 2,705,927, including a cut-off knife, were commercially made, used and sold more than one year prior to the application filing date of either of patents No. 2,853,027, or No. 3,067,671, and plaintiff made commercial use of such machines more than one year before said filing dates.

8. The machine shown in Patent No. 2,705,927 embodied a face plate assembly made up of three plates, serially alined,

each with a plurality of extrusion holes extending longitudinally through the plate, and the outer plate having an annular recess on its inner face and a plurality of extrusion holes opening through the plate from the inner annular recess to a circular arrangement of outlet openings surrounding a solid center portion of the plate.

9. The machine built and used commercially under the Patent No. 2,705,927 used only two extrusion plates, an inner plate having a plurality of extrusion holes communicating with the bore of the machine and the above described outer plate. The commercial machine also had a cut-off knife rotatable about an axis at one side of the machine and passing in front of the outer face plate to cut material extruded therefrom into sections. The knife could be rotated at various speeds in order to adjust the length of the sections. Machines of the type built under Patent No. 2,705,927 have been in commercial use since 1949, and are still in commercial use.

10. Extruded puffed cereal collets are old, well known, unpatented food products, are roughly cylindrical in shape, highly cellular, and relatively brittle.

11. The face plate of Patent No. 2,853,027 is a one piece two extrusion stage plate formed from a single block of metal having on its inner surface a centrally located circular recess surrounded by an annular groove, a series of radially outwardly extending holes through the metal defining the side wall of the recess to connect the recess and the groove, and a second series of holes extending from the bottom of the groove longitudinally through the plate to form the outlet for material extruded through the plate. This face plate is intended to replace the two or three face plates shown in prior art Patent No. 2,705,927.

12. Plaintiff relies on claims 1 and 3 in Patent No. 2,853,027, which claims read as follows:

1. In a machine for producing collets from cereal, a one piece cereal extrusion plate having on its inner face, both a central recess and an annular groove, a series of holes connecting said recess with said groove, and a series of holes extending from said groove through said plate.

3. A plate for extruding and puffing cereal meal comprising a one piece body having a central recess on its inner face, an annular groove on the inner face of said body around said recess and spaced therefrom, a series of equally spaced holes connecting said recess with said annular groove, and a series of equally spaced holes extending longitudinally from said groove through said body.

Claim 2 is not significantly different.

13. The face plate assembly of prior art Patent No. 2,705,927 includes an outer face plate having an annular groove on its inner surface and a plurality of extrusion holes extending longitudinally through the plate from the annular groove and opening into the outer surface as a circular series of holes, and an inner plate having a plurality of extrusion holes therethrough communicating between the bore of the extruder housing and the annular groove in the outer plate.

14. The only difference between the face plate of the patent in suit No. 2,853,027 and the face plate assembly of prior art Patent No. 2,705,927 is that the former is a one piece block of metal and the latter embodies two pieces.

15. There is no difference in the product produced by the face plate of Patent No. 2,853,027 and the product produced by the face plate assembly of prior art Patent No. 2,705,927; neither is there any difference in method or mode of operation of the two face plate structures.

16. Plaintiff's face plate patent represents nothing more than the making in one piece that which was formerly two pieces, produces no new or unexpected result, and contributes nothing to the stock of knowledge of the art.

17. The face plate described and claimed in Patent No. 2,853,027 has never been incorporated on a machine which was leased or sold by plaintiff; its use has been confined to plaintiff's shop, and the face plate has had no commercial success.

18. Any improvements in machine operation achieved by plaintiff have been the result of dimension and engineering changes to the extruder mechanism and are not the result of any change in the face plate structure.

19. The face plate assembly of prior art Italian Patent No. 452,563, issued October 25, 1949, comprises a pair of face plates, the inner plate having a central recess on its inner surface, an annular recess on its outer surface, and a series of radially extending holes connecting the central recess with the annular groove; and the outer plate having a series of extrusion holes extending longitudinally therethrough in communication with the annular groove on the inner plate.

20. While the application which issued as Patent No. 2,853,027 was pending in the Patent Office, plaintiff amended the claims therein to limit them to a one piece extrusion plate with two extrusion stages. This amendment was necessary in order to persuade the Patent Office to issue Patent No. 2,853,027. By so limiting his claims, plaintiff disclaimed from the scope of his patent all equivalent two piece face plate constructions.

21. At the time plaintiff designed the face plate patented in Patent No. 2,853,-027, a single piece two extrusion stage face plate would have been obvious to one skilled in the art of extruders in view of the two piece two extrusion stage plates known and used in the prior art.

22. The knife assembly of Patent No. 3,067,671 is a rotary variable speed cutoff knife adapted to be mounted centrally of an extruder face plate and consists of a knife blade mounted on a rotatable member journaled for rotation at the center of an extruder face plate, with the knife blade passing in front of the extrusion holes in the plate, and a drive motor for rotating the shaft. The shape of the patented knife blade consists of a facet facing the face plate and tapering only slightly away from the face plate surface for a short distance from the cutting edge, a second facet also facing the face plate and tapering at a much greater angle, and the front facet extending at about a 45° angle from the face plate.

23. Plaintiff relies on Claims 3 and 4 in Patent No. 3,067,671, which claims read as follows:

3. In a food processing machine for extruding cereal material:

a plate with a solid center portion and with holes for extruding said material therethrough spaced from the center, said holes being arranged in a circle concentric with the axis of said plate, a continuously rotatable cylinder mounted on said plate on the outlet slide of said extrusion holes adjacent the center of said plate, a radially extending knife secured to the periphery of said cylinder, said knife being spaced from said plate but in close proximity thereto, and a motor positioned on the outlet side of said plate for rotating said cylinder at a predetermined speed for cutting the material extruded from said holes into sections of the desired length.

4. In a food processing machine for extruding cereal material:

a plate with a solid center portion and with holes for extruding said material therethrough spaced from the center, said holes being arranged in a circle, a continuously rotatable member mounted directly on the plate on the outlet side of said extrusion holes at the center of said plate, a radially extending knife secured to said member, said knife being spaced from said plate but in close proximity thereto, and a power means for rotating said

member for cutting the material extruded from said holes into sections of the desired length.

24. The patented knife assembly is intended to replace the prior knife assembly shown in Patent No. 2,853,027.

25. The knife mechanism described and claimed in Patent No. 3,067,671 could be used on any extruder for cutting extruded cereal or other products, and is not limited for use on a cereal extruding and puffing machine.

26. The prior knife assembly shown in Patent No. 2,853,027 comprised a knife blade mounted on a shaft journaled for rotation at one side of an extruder face plate and rotated by a motor connected to the shaft through a gear reduction box, so that as the knife is rotated, it passes intermittently in front of the face plate.

27. Patent No. 3,067,671 states that the shape of the knife is important for severing extruded cereal meal.

28. The only change which would have to be made in the knife mechanism of Patent No. 3,067,671 so the mechanism could be used for products other than puffed cereal would be in the configuration of the facets of the knife blade.

29. Other than the fact that the patented knife blade is mounted for rotation about an axis at the center of the extruder face plate, and the knife blade of Patent No. 2,853,027 is mounted for rotation about an axis at one side of the extruder face plate, there is no difference in the structure, operation, function, or result of the patented and the prior art knife assemblies.

30. The knife assembly shown in Patent 2,853,027 was used on commercial extruder machines made, used, or sold by plaintiff since 1949, and is still in use on such machines.

31. Extruder machines of the type on which the knife structure shown in Patent No. 2,853,027 have been used are shown in prior art Patent No. 2,705,927, and such machines with said knife structure were first used commercially in 1949, and are still in commercial use at the present time.

32. Cut-off knife mechanisms for extruder machines of various types in which the knife is mounted centrally of the extruder face plate for severing extruded materials into lengths are shown in numerous prior art patents, to-wit:

| Patent No. | Date | Inventor |
|---|---|---|
| 2,905,109 | Sept. 22, 1959 filed March 18, 1955 | Schrenk |
| French Pat. | | |
| 841,229 | July 26, 1938 | S.A.B.I.E.M. |
| 1,822,309 | Sept. 8, 1931 | Nunez |
| 1,402,672 | Jan. 3, 1922 | Sizer |
| 1,773,552 | Aug. 19, 1930 | Sizer |
| 1,925,010 | Aug. 29, 1933 | Sizer |
| 2,005,689 | June 18, 1935 | Hall |
| 1,946,740 | Feb. 13, 1934 | Hall |
| 2,144,055 | Jan. 17, 1939 | Hall |
| 2,401,236 | May 28, 1946 | Fielitz |
| 2,642,819 | June 23, 1953 | Birdsall. |

33. The cut-off knife mechanism shown in Patent No. 2,401,236 to Fielitz is mounted at the center of an extruder face plate with a solid center portion and with holes for extruding material, and consists of a shaft rotatably mounted on the face plate at the outlet side of the extrusion holes, a radially extending

knife blade fixed to the shaft and positioned adjacent the face plate, and a motor for rotating the shaft and knife to sever extruded material into sections.

34. The prior art patents show that it is an ancient and well known practice in the extruder art to mount a radially extending cut-off knife at the center of the outlet side of an extruder face plate and to rotate the knife by means such as a motor so that the knife severs material extruded through holes in the face plate into sections of the desired length.

35. At the time plaintiff designed the center mounted cut-off knife mechanism patented in Patent No. 3,067,671, such a mechanism would have been obvious to one skilled in the art of extruders with cut-off knives in view of the extensive prior art showing such knife mechanisms for extruders, and in view of the use of rotary knives mounted for rotation about an axis at one side of an extruder face plate.

36. Plaintiff's knife patent represents nothing more than the adaptation of a known extruder cut-off knife structure to a known and recognized use, and contributes nothing to the stock of knowledge of the art.

37. The cut-off knife mechanism described and claimed in Patent No. 3,067,-671 has never been incorporated on a machine which was leased or sold by plaintiff; its use has been confined to plaintiff's shop, and the patented cut-off knife mechanism has had no commercial success.

38. A machine for producing collets from cereal, comprising a hopper for cereal, walls defining a chamber for receiving cereal from said hopper, a source of water for said chamber, a means in said chamber for mixing cereal and water therein, a housing having a straight bore therein, a single extrusion die plate in axial alignment with and diametrically spanning said bore having a solid center portion and a plurality of extrusion holes therein arranged in a circle and communicating with said bore adjacent the periphery thereof, said plate being rigidly secured to said housing across said bore, a passage connecting said chamber with said bore at a point spaced from said plate, a rotatable screw in said bore for propelling said cereal mixture from said passage to and through the holes in said plate, a revolving knife means adjacent the external surface of said plate and spaced therefrom for cutting the cereal mixture extruded through the holes in said plate into sections of a desired length, and a means separate from said screw for driving said knife means at various predetermined speeds, is an obvious combination in view of the following prior art, and provides no new or unexpected function:

| Nunez | 1,822,309 | September 8, 1931 |
|---|---|---|
| Wood | 2,060,408 | November 10, 1936 |
| Schwebke, et al. | 2,350,643 | June 6, 1944 |
| Birdsall | 2,642,819 | June 23, 1953. |

39. In 1954, Kenneth H. McComb and Bruce W. McComb built and used commercially an extruder for extruding and puffing cereal meal to form collets. The extruder built and used by the McCombs utilized a pair of serially aligned face plates to produce two extrusion stages, the outer plate having a series of extrusion holes arranged in a circle around a solid center. It included a cut-off knife mechanism mounted on the solid center portion of the outer face plate, the knife mechanism having a radially extending knife fixed on a rotatable shaft journaled for rotation on the face plate and driven by a motor so that the knife severed extruded material into sections of the desired length. That knife mechanism built and used commercially by the McCombs in 1954, is identical to the knife mechanism presently in use on the Dor-

sey-McComb extruder and accused of infringing Patent No. 3,067,671.

40. The defendants' extruder for extruding and puffing cereal meal consists of a housing with a bore therein, a rotatable member within the bore having a helical ridge on its periphery, a face plate assembly fastened across the open end of the bore, the face plate assembly having an outer series of extrusion holes arranged in a circle about a solid center, and a knife mounted at the center of the outer plate and rotatable to intermittently pass the outlet ends of the extrusion holes for cutting the extruded material into sections.

41. The defendants' face plate assembly is made up of two separate parts, both of which are essential to its operation, and it is constructed to provide two extrusion stages. One part of defendants' face plate assembly comprises a circular die plate formed with a central boss protruding from the rear or inner surface of the plate and having a plurality of radial serrations on its innermost surface, an annular groove in the inner surface of the plate surrounding the protruding boss, and a plurality of extrusion holes extending longitudinally through the plate from the groove and opening into the front surface of the plate to form a circular series of holes. The second part of defendants' face plate assembly is a ring which closely surrounds the boss and defines with the boss a single, narrow, annular extrusion orifice. The ring and the outer die plate are each fastened separately to the extruder machine housing.

42. The ring and the boss on the die plate constitute a two piece organization forming the inner extrusion stage of defendants' face plate assembly through which material leaving the bore of the machine is extruded, and this is conclusively proven by plaintiff's own testimony and tests.

43. The extrusion holes in the die plate form an outer extrusion stage through which material from the inner extrusion stage is extruded into the atmosphere.

44. Defendants' face plate assembly is patented in U. S. Patent No. 3,190,210, which issued June 22, 1965, to Bruce W. McComb and Kenneth H. McComb, on an application filed July 16, 1962.

45. One of the references cited by the Patent Office during the prosecution of the McComb application, and over which the McComb Patent was issued, was Patent in suit No. 2,853,027 to George Graves.

46. A rotatable cut-off knife mechanism is mounted on the outlet side of defendants' face plate assembly for severing extruded material into lengths. Defendants' cut-off knife mechanism includes a shaft secured to the center of the outer plate, a sleeve rotatably journaled on the shaft and carrying a radial knife extending in front of the circular series of holes, and a drive motor connected to the knife sleeve through a variable speed drive mechanism for rotating the knife at a selected speed to sever extruded material into sections of the desired length.

47. Defendants' cut-off knife blade has a cutting edge defined by a facet lying approximately parallel to the face plate and a front facet sloping away from the face plate. Defendants' cut-off knife does not have a facet facing the face plate and tapering only slightly away from the face plate surface for a short distance from the cutting edge and a second facet also facing the face plate and tapering at a much greater angle from the face plate.

48. Defendant Kenneth H. McComb and his brother, Bruce W. McComb, made and sold an extruder for extruding and puffing cereal meal to Crowe Specialty Foods, in Denver, Colorado, in December, 1961. The extruder sold to Crowe had a face plate assembly comprised of a pair of face plates, each having a series of extrusion holes extending longitudinally through the plate. It had a cut-off knife mounted for rotation at the center of the outer face plate. The machine sold to Marvin Crowe, including the face plate assembly and the cut-off knife, was built in California,

and was identical to two other extruder machines built and used in California six or seven years prior to December, 1961, by Bruce W. McComb. In 1962, Kenneth H. McComb and Bruce W. McComb took the machine back from Crowe and designed a new extrusion plate assembly for it. The new face plate assembly is shown in Patent No. 3,190,210, which assembly proved successful and was thereafter incorporated on commercial machines.

49. Defendants had no knowledge of plaintiff's Patent No. 2,853,027 until it was cited by the Patent Office against the McComb application in the Office Action of October 23, 1963.

50. Defendants had no knowledge of plaintiff's Patent No. 3,067,671 until notice was given in the deposition of defendant Kenneth H. McComb taken by plaintiff on December 1, 1964.

51. On March 15, 1966, in letters written by Ed Kelley, plaintiff's employee, the statement is made that it is necessary to rebuild Dorsey-McComb machines to make workable equipment out of them, and plaintiff has confirmed his agreement with this statement.

52. The defendants' machines are different from plaintiff's machines and plaintiff considers them to be unworkable so that it is necessary for him to rebuild them, including converting the face plate structure.

53. The face plate which plaintiff puts on defendants' machines in rebuilding them is not the face plate shown in Patent No. 2,853,027, but the face plate shown in plaintiff's Patent No. 2,842,072.

54. An essential factor in the construction of extruding machines resides in the heat treating of the machine parts, and this factor is not described or claimed in either Patent No. 2,853,027 or Patent No. 3,067,671.

55. All manufacture, use and sale of extruder machines, parts, and other products is done solely by and in the name of Dorsey-McComb, and not by Kenneth H. McComb on his personal account.

## CONCLUSIONS OF LAW.

1. The Court has jurisdiction over the parties and the subject matter of the action.

2. None of the claims of U. S. Patent No. 2,853,027 are or have been infringed by Dorsey-McComb Distributors, Inc., or Kenneth H. McComb.

3. Plaintiff is estopped by actions taken in the Patent Office from contending that the claims of Patent No. 2,853,027 are directed to a structure other than a one piece two extrusion stage face plate and is estopped from contending that the claims are infringed under the Doctrine of Equivalents.

4. Claims 3 and 4 of U. S. Patent No. 3,067,671 are not now and have not been infringed by Dorsey-McComb Distributors, Inc., or Kenneth H. McComb.